**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| LG ELECTRONICS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> PETTERS GROUP WORLDWIDE, L.L.C.; POLAROID CORP.; WESTINGHOUSE DIGITAL ELECTRONICS, L.L.C.; VIZIO, INC.; PROVIEW TECHNOLOGY, INC.; PROVIEW INTERNATIONAL HOLDINGS, LTD.; and PROVIEW TECHNOLOGY (SHENZHEN) CO., LTD., <br><br> *Defendants*. | CIVIL ACTION NO. 5:08-cv-00163 (DF/CMC) <br><br> **JURY TRIAL DEMANDED** |

## CONSENT PROTECTIVE ORDER

By stipulation and agreement of the parties, and for good cause shown, it is hereby ORDERED that the following provisions shall govern the conduct of discovery by plaintiff LG Electronics, Inc. ("LG Electronics") and defendants Westinghouse Digital Electronics, L.L.C. ("Westinghouse"), Vizio, Inc. ("Vizio"), and Proview Technology, Inc., Proview International Holdings, Ltd., and Proview Technology (Shenzhen) Co., Ltd. (collectively "Proview") in the above-captioned action:

1.  Proceedings and Information Governed

This Order shall govern any document, information, or other thing furnished by any party or person, including third parties, to any other party or person in connection with this action. The information protected includes, but is not limited to, information contained in responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, responses to subpoenas, deposition testimony and exhibits, documents and things

produced in response to discovery requests, and all copies, extracts, summaries, compilations, designations, and portions thereof.

      2.    <u>Information Eligible for Protection Under This Order</u>

      Any party to this action, or non-party subject to subpoena, shall have the right to identify and designate as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE" any document or other discovery materials and information it produces or provides, or any testimony given, in this action, which testimony or discovery material is reasonably believed by that party to constitute, reflect, or disclose non-public, proprietary, or confidential commercial information, including but not limited to information relating to: (a) the financial performance or results of the producing party, including without limitation income statements, balance sheets, cash flow analyses, budget projections, and present value calculations; (b) corporate and strategic planning by the producing party, including without limitation marketing plans, competitive intelligence reports, sales projections, and competitive strategy documents; (c) names, addresses, and other information that would identify customers or prospective customers of, distributors or prospective distributors for, or others having or considering a business relationship with, the producing party; and (d) technical data, research and development data, confidential commercial information, trade secrets, and patent applications of the producing party that are not publicly available (collectively "Confidential Information").

      3.    <u>Designation of Information for Protection Under This Order</u>

      A producing party may designate Confidential Information as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE," depending on the sensitivity of the documents, information, and things. The

2

appropriate designation may be made by stamping or otherwise marking the Confidential Information prior to production as follows: "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE."

In the case of written material, documents, or tangible items, the producing party shall make the appropriate designation at the time it provides the receiving party with a copy of the writing or thing. In the case of Confidential Information that is not reduced to documentary, tangible, or physical form, or that cannot be conveniently labeled, the producing party shall designate the Confidential Information by informing the receiving party in writing of the appropriate designation of such material.

In the case of deposition testimony, a party seeking to invoke the protection of this Order shall give prompt notice thereof, at the deposition or within ten (10) days after receipt of the court reporter's final deposition transcript, in accordance with the provisions and restrictions of this Order, and particularly paragraphs 7 and 8. Unless otherwise designated at or during the deposition, deposition testimony shall be treated as if designated "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" until the expiration of such ten (10) day period. The parties shall have fourteen (14) days from the date this Consent Protective Order is submitted to the Court for entry to designate under this Order as Confidential Information any portions of the transcripts of depositions taken prior to such date, which transcripts shall be considered "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" until the expiration of such 14-day period.

In the event a party elects to produce original documents or other materials for inspection, no markings need be made by the producing party in advance of the inspection, and all such documents shall be considered as marked "CONFIDENTIAL – OUTSIDE COUNSEL

US1DOCS 7152746v1

ONLY" during and in connection with such inspection and until such time as the producing party designates any such documents or materials differently.

The parties shall designate information as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE" on a good faith basis and not for the purpose of harassing the receiving party or for the purpose of unnecessarily restricting the receiving party's access to information concerning the lawsuit.

      4.    <u>Disclosure of Information Designated CONFIDENTIAL</u>

Information designated "CONFIDENTIAL," as distinguished from information designated "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY SENSITIVE -- SOURCE CODE," may be disclosed by the receiving party to the following recipients only:

      (a)    Outside litigation attorneys of record in this action, and any outside litigation attorneys retained by the parties in this action to consult in connection with this action, and their respective associates, clerks, legal assistants, stenographic and support personnel, and other employees of such outside litigation attorneys, and organizations retained by such attorneys to provide litigation support services in this action and the employees of said organizations;

      (b)    Independent experts and consultants, and the employees of such experts and consultants who are assisting them, retained or consulted by counsel of record for any party for the purpose of assisting counsel in the litigation, but excluding (i) any persons presently, or having present plans to become, a competitor, or an employee or consultant of a competitor, of Westinghouse, Vizio or Proview or any of their affiliated entities, with respect to experts and/or consultants retained by LG Electronics; (ii) any persons presently, or having present plans to become, a competitor, or an employee or consultant of a competitor, of LG Electronics, with respect to experts and/or consultants retained by Westinghouse, Vizio and Proview; and (iii) any

person whose testimony will consist of lay opinions rather than expert opinions. "Competitor" means any entity that is known to the general public primarily as the issuer, licenser, manufacturer, developer, or retailer of any digital television products and systems and/or associated technologies;

(c)     Any certified shorthand or court reporters or persons operating video equipment at depositions retained to report a deponent's testimony in this case;

(d)     The Court, including its clerks, reporters, and staff;

(e)     Any author, addressee or other contemporaneous recipient of any document containing such information;

(f)     Any witness testifying under oath who is an employee of the party that designated such information as Confidential Information; and

(g)     Such other persons as hereafter may be designated by written agreement of all parties in this action or by Order of the Court, such Order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure; and

(h)     One employee or agent of each party who acts in a legal capacity for the party or who is responsible for and/or is working directly in the prosecution or defense of this action.

5.     <u>Disclosure of Information Designated CONFIDENTIAL – OUTSIDE COUNSEL ONLY</u>

(a)     The designation "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" shall be reserved for information that would, in the good faith belief of the producing party, be likely to cause harm to the competitive position of the producing party if disclosed to the party or non-party receiving the information. All documents, information, or other things designated "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" are included within the meaning of Confidential Information as used in this Order, and all the provisions set forth in the Order that

US1DOCS 7152746v1

apply to Confidential Information designated as "CONFIDENTIAL" also apply to material designated "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."     However, documents, information, and other things designated "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" shall not be disclosed or communicated in any manner, either directly or indirectly, to the persons referred to in paragraph 4(f) of this Order.

(b)     From the date of the entry of this Protective Order, until two years after the conclusion of this litigation (including appeals), any attorney, patent agent or consultant subject to this Order who obtains, receives or otherwise learns technical information of a party that is designated as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY SENSITIVE – SOURCE CODE" shall not participate, directly or indirectly, in the prosecution of any patent application relating to digital television products and systems.  Nothing in this Order shall prevent or preclude other attorneys or patent agents in the law firms representing the parties in this action who have not been exposed to or otherwise seen, reviewed, discussed or accessed any materials, testimony or information designated hereunder as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE" from participating, directly or indirectly, in such patent prosecutions.  Moreover, nothing in this Order shall prevent or preclude an attorney having access to such information from serving as billing or client attorney on such matters being prosecuted by other attorneys or patent agents in such attorney's firm, so long as such attorney does not otherwise participate substantively in such prosecutions.

6.     Disclosure of Information Designated HIGHLY SENSITIVE -- SOURCE CODE

(a)     Computer source code and documents that describe encoding or decoding algorithms used in computer source code may be designated "HIGHLY SENSITIVE --

6

SOURCE CODE." Documents and things so designated will be subject to all of the restrictions as material designated "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" and will also be subject to the following additional restrictions and provisions:

(1)     The producing party shall provide any source code or other materials designated under Paragraph 6(a) on CD-ROM (or on such other format as may be necessary and agreed to by the requesting party). One copy of the CD-ROM shall be produced to the requesting trial counsel, and kept at the offices of trial counsel, maintained in a locked cabinet or the like. In addition, one copy for each qualified consultant or expert pursuant to Paragraph 11 designated by trial counsel to review the materials may be made and may be maintained in a locked cabinet or the like at the expert's worksite. No additional copies shall be made. Counsel of record and each qualified consultant or expert receiving materials designated under Paragraph 6(a) (together, the reviewing parties) may load the materials onto a stand-alone, non-networked, password protected computer, which shall not be connected to any peripheral device other than a monitor, keyboard, mouse, and printer. While in use, the computer and such designated materials shall not be left unattended by a reviewing party. When not in use, the computer shall be stored securely in a locked cabinet or room. The reviewing party is permitted to load any special software that he or she may deem necessary to conduct an appropriate inspection or analysis of the materials, such software to be provided by the reviewing party. The reviewing party agrees that it will not use software not reasonably necessary to efficiently conduct an appropriate review and analysis of the materials designated under Paragraph 6(a). The reviewing party will identify for the producing party prior to loading it into the computer any special software to be used to conduct an inspection or analysis of the designated materials.

7

Should the CD-ROM become damaged, the producing party shall exchange the damaged CD-ROM for an undamaged CD-ROM.

(b)     A reviewing party shall be entitled to make printouts in paper form of as many lines of source code as they deem reasonably necessary for use as an exhibit at deposition, to prepare an expert report, as an exhibit to a filing with the Court, or as an exhibit at trial.

(c)     The receiving party is permitted to make such copies as are necessary for reasonable consultation between counsel and/or qualified consultants or experts, for use as an exhibit at deposition, to prepare an expert report, as an exhibit to a filing with the Court, or as an exhibit at trial.  The receiving party shall avoid such use except as necessary to meet its burden of proof, and shall take all reasonable steps necessary to restrict the dissemination of such copies. If a producing party so requests, any materials designated under Paragraph 6(a) and used as exhibits in a deposition shall not be appended to the transcript of the deposition, in which case any objection is waived by any party as to the identity of the deposition exhibit if cited or relied upon in any subsequent expert report, motion, or at trial.  At the conclusion of each day of a deposition in which any materials designated under Paragraph 6(a) are used, the receiving party shall collect each copy of the materials, including the copy marked by the court reporter if the producing party has so requested, and no one other than the receiving and producing party may remove copies of materials designated under Paragraph 6(a) from the deposition room.

(d)     A written log shall be maintained by counsel of record and the independent expert/consultant that records the name of all persons accessing materials designated pursuant to this paragraph, including the date of access and the person's title.

(e)     If any party intends to file or otherwise submit to the Court any material designated under Paragraph 6(a), or offer any evidence at trial based on the materials designated

8

under Paragraph 6(a), the party shall take appropriate measures to preserve the confidentiality of the designated material including but not limited to filing such material under seal, as set forth in Paragraph 18 below.

(f)     Within 30 days of the conclusion of the litigation:

1.     All copies of materials designated under Paragraph 6.1 must be returned to the producing party.

2.     Notwithstanding the provisions above, outside counsel may retain for archive purposes one (1) magnetic and one (1) paper copy of all pleadings exchanged by the parties or filed with the Court that contain excerpts of materials designated under Paragraph 6(a).

7.     Depositions

In the event that a question is asked at a deposition that calls for or results in the disclosure of Confidential Information, counsel for the party claiming such confidentiality may designate the question and answer as confidential by making, at the deposition, a statement on the record so designating such portions, and shall direct the reporter to place such designated Confidential Information on separate transcript pages prominently marked with the legend "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE," as appropriate.  Regardless of whether notice was given at the deposition, deposition transcripts shall be considered "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" for ten (10) days after delivery of the court reporter's final transcript to the parties.  Counsel for the deponent shall have ten (10) days after receipt of the deposition transcript within which to designate the transcript or portions thereof as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE

CODE," as appropriate. Any confidentiality is waived after the expiration of the 10-day period, unless so designated or otherwise stipulated or ordered.

Any court reporter, transcriber, or videographer who reports or transcribes testimony in this action at a deposition shall agree by a statement on the record or by written statement that all testimony and information designated as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE" under this Order is and shall remain confidential and shall not be disclosed by such reporter or transcriber except to counsel for the parties and any other person who is present while such testimony is being given, and that all copies of any transcript, reporter's notes, or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter, transcriber, or videographer or shall be delivered to the undersigned counsel.

8.    Exclusion from Depositions

Whenever any documents, information, or other things designated as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE" are to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room for that portion of the deposition any person who is not entitled to receive documents, information, or other things designated as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE."

9.    Certificates

Before the disclosure or communication of information designated as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE" to any person referred to in paragraphs 4(b), 4(c) or 4(h)

10

hereof, each such person shall execute a certificate of consent in the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Order. The executed certificates shall be maintained by counsel for the party that has disclosed the Confidential Information, and copies of such executed certificates shall be provided to counsel for the producing party within ten days after the execution thereof.

      10.    <u>Disclosure to Experts</u>

      (a)    In connection with independent experts and consultants falling under paragraph 4(c) above, each party shall disclose in writing to the other party, the identity, residence, and curriculum vitae of each independent expert or consultant, and shall provide the producing party with a copy of the certificate attached hereto as Exhibit A executed by each independent expert or consultant, at least ten (10) business days prior to giving, showing, disclosing, making available, or communicating any information designated "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE" to such expert or consultant. Such curriculum vitae shall identify all current and former employers and/or consulting engagements of the independent expert or consultant within the ten (10) years prior to the date of such disclosure.

      (b)    If a party objects, in good faith, to an identified expert or consultant, the party shall make its objections known in writing within five (5) business days of receiving notification. If, after good faith negotiations, agreement on the independent expert or consultant cannot be reached, the objecting party shall have ten (10) business days after making its objections known to seek relief from the Court. In such a case, no disclosure shall be made to the expert or consultant until the Court has ruled on the objecting party's motion for relief, and then only in accordance with the Court's ruling. The party or person seeking to prevent the disclosure of

11

Confidential Information to the independent expert or consultant shall have the burden of showing the disclosure would be improper and inconsistent with this Order.  If the objecting party fails to seek relief from the Court within ten (10) business days after making its objections known, the objection shall be deemed waived, and the documents, information, or other things may be disclosed to the expert or consultant subject to the provisions of this Order.  In no event shall a disclosure of potential experts or consultants be deemed a waiver of any privilege or immunity.

      11.    <u>Use of Confidential Information</u>

The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of Confidential Information. The receiving party shall not duplicate any document or thing designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" except working copies and copies for filing in Court under seal.  The receiving party shall not duplicate any document or thing designated as "HIGHLY SENSITIVE -- SOURCE CODE" except as provided in paragraph 6. Confidential Information shall be used by the party and persons to whom it is disclosed solely in conducting this action and any appellate proceeding related thereto.  Confidential Information shall not be used by such party or persons for any business or other purpose, unless agreed to in writing by all parties to this action or as authorized by further Order of the Court.  No person who is furnished Confidential Information shall disclose it to any person not entitled under this Order to receive it.

12.    Party's Own Information

The restrictions on the use of Confidential Information established by this Order are applicable only to the receiving party's use of the Confidential Information.  A party is free to do whatever it desires with its own documents and things.

13.    Failure To Designate Confidential Information

An inadvertent failure to designate information as "CONFIDENTIAL", "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY SENSITIVE – SOURCE CODE" does not, standing alone, waive the producing party's right to secure protection under this Order for such information.  Upon discovery of an inadvertent failure to designate, as soon as reasonably possible, the producing party may notify the receiving party in writing that the information is to be designated as "CONFIDENTIAL", "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY SENSITIVE – SOURCE CODE" with the factual basis for the assertion of such designation(s).  Upon receipt of such notice, the receiving party must make reasonable efforts to assure that the information is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s).  The producing party shall provide substitute copies of such information bearing the confidentiality designation.

14.    Re-designation of Confidential Information

Any party may at any time file a motion, pursuant to the Local Rules of this Court pertaining to discovery motions, with the Court for an order that a party's designation of any information or document as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY SENSITIVE – SOURCE CODE" is inappropriate, provided that, prior to making such a motion the procedures set forth herein are followed.  On such a motion, the party asserting confidentiality shall have the burden of proving that the Confidential Information in

question is protectable under Fed. R. Civ. P. 26(c) or on some other basis, or, is necessary under the circumstances. A party shall not be obligated to challenge the propriety of a designation of CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY SENSITIVE – SOURCE CODE" at the time made, and failure to do so shall not preclude subsequent challenge. A party may challenge the other party's designation of information or materials as CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY SENSITIVE – SOURCE CODE" by serving a written objection upon the producing party. The producing party shall notify the challenging party in writing of the bases for the asserted designation within ten (10) business days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within five (5) business days after the challenging party has received the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court within fifteen (15) business days after conferring with the producing party.

If a party (or non-party subject to subpoena) decides to delete or modify the designation of any document or information previously produced, the producing party (or non-party) shall produce to the other parties substitute copies of such documents bearing the desired designation. The parties to whom the substitute copies of such documents are produced shall substitute the later produced documents for the previously produced documents, and destroy or return to the producing party the previously produced documents.

15.    <u>Violations of this Order</u>

A party believing there has been a violation of this Order by any other party or person must provide written notice of such belief to all other parties. The responding party shall notify

14

the objecting party in writing of the bases for its belief that there has been no violation of this Order within ten (10) business days after receiving any written objection. The parties thereafter shall confer in good faith as to the validity of the designation within five (5) business days after the objecting party has received the responding party's written response. If the parties are unable to resolve the issue, then the party asserting that a violation occurred may make an appropriate application to the Court within fifteen (15) business days after conferring with the responding party.

16.    Disclosure of Confidential Information to Unauthorized Person

If "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE" material or information contained therein is disclosed to any person other than those entitled to disclosure in the manner authorized by this Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the designating party in writing of all pertinent facts relating to such disclosure and shall make every effort to prevent further disclosure by the unauthorized persons(s). Notwithstanding the foregoing, outside counsel of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE" materials. Nothing in this Order shall prevent a party from moving the Court for an order of contempt or other such relief for any violation of this Order.

17.    Court Procedures

Pleadings that contain, include or have annexed Confidential Information shall be submitted to the Court in sealed envelopes or other appropriate containers on which shall be endorsed the caption of this action, an indication of the nature of the contents of the sealed

15

envelope or other container, the word "CONFIDENTIAL," and a statement substantially in the following form:

> THIS ENVELOPE IS SEALED PURSUANT TO ORDER OF THE COURT, CONTAINS CONFIDENTIAL INFORMATION, AND IS NOT TO BE OPENED NOR THE CONTENTS REVEALED EXCEPT BY ORDER OF THE COURT.

Such materials shall be submitted to the Court together with a motion and proposed order, describing the types of materials or Confidential Information contained therein, explaining why such materials should be filed under seal, and stating whether all parties consent to the filing under seal.

18.  Confidential Information at Trial

Subject to the rules of evidence that would otherwise be applied by this Court, Confidential Information may be offered in evidence or offered as exhibits in trial or hearings before this Court. Any party to this action may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered documents or information should continue to be treated as Confidential Information and may impose restrictions to protect the documents or information.

19.  Nonparty Reliance on this Order

If discovery is sought of a person not a party to this action requiring disclosure of such non-party's Confidential Information, the non-party may designate such Confidential Information as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE" as provided under this Order, and will be subject to the same protection and procedures as those governing disclosure of the parties' Confidential Information.

20.    <u>Nonparty Request for Information Subject to This Order</u>

If any party is subpoenaed in another action, served with a demand in another action to which it is a party, or is served by any legal process by one not a party to this action, seeking information that was designated as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE" by someone other than that party, the party shall give written notice by hand delivery or facsimile transmission within ten (10) days of receipt of such subpoena, demand, or legal process to the designating party, and shall object to its production to the extent permitted by law, setting forth the existence and terms of this Order.  Nothing herein shall be construed as requiring the party or anyone else covered by this Order to challenge or appeal any order requiring production of information subject to this Order, or subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

21.    <u>No Waiver</u>

Neither the taking of nor the failure to take any action to enforce the provisions of this Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief, other than as specified herein, of any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any party, is or is not entitled to particular protection, or that such information embodies trade secrets of any party.  The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor shall it relieve a party of the necessity of proper response to discovery devices.

22.    <u>No Waiver of Privilege</u>

Nothing in this Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense doctrine, or other privilege, doctrine, right, or immunity.  If information subject to a claim of attorney-client privilege, work product doctrine, joint defense doctrine, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, such privilege, doctrine, right, or immunity.  Any party that inadvertently produces materials protected by the attorney-client privilege, work product doctrine, joint defense doctrine, or other privilege, doctrine, right, or immunity may obtain the return of those materials by promptly notifying the recipient(s).  The recipient(s) shall then gather and return all copies of the privileged material to the producing party within five (5) business days.

23.    <u>No Limit on Parties' Rights to Discovery</u>

Nothing in this Order shall be construed to limit, restrict, or otherwise affect the ability of the parties to seek the production of documents, testimony, or any other information from any source.

24.    <u>Advice of Counsel to Party</u>

Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE" materials; provided, however, that in rendering such advice, counsel shall not disclose, reveal, or describe any such materials except insofar as allowed (if allowed at all) under the terms of this Order.

US1DOCS 7152746v1

25.     <u>No Probative Value</u>

This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any Confidential Information.  The fact that information is designated "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY SENSITIVE -- SOURCE CODE" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary.  This Order shall be without prejudice to the right of any party to bring before the Court the question of: (i) whether any particular information or material is or is not confidential; (ii) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (iii) whether any particular information or material is or is not relevant to any issue of this case, provided that in doing so the party complies with the foregoing procedures.  Absent a stipulation of all parties, the fact that information has been designated confidential under this Order shall not be admissible during the trial of this action, nor shall the jury be advised of such designation.  The fact that any information is disclosed, used, or produced in discovery or trial herein shall not be construed admissible, or offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether or not such information is confidential or proprietary.

26.     <u>Return of Information</u>

Within ninety (90) days after the conclusion of this action, whether by settlement or final judgment, all Confidential Information and all documents that reflect such information (except as provided below), and a list of all persons who signed certificates in respect thereto, shall, upon the request of the party furnishing such Confidential Information, be (i) delivered to the party that furnished such Confidential Information or (ii) in lieu of delivery to the furnishing party,

19

destroyed, in which event counsel shall give written notice of such destruction to opposing counsel.  In no event shall a party retain a copy of the Confidential Information produced to it, except that outside litigation counsel may keep one complete set of pleadings and discovery materials containing confidential information for archival purposes.  Nothing in this Order requires the return or destruction of attorney work-product or attorney-client communications of either party that is maintained and stored by counsel in the regular course of business. Furthermore, nothing in this Order requires the return of Confidential Information filed with the Court.

27.    Amendment

Either party may move the Court to amend this Order at any time.  Moreover, parties entering into this Order will not be deemed to have waived any of their rights to seek later amendment to this Order.

28.    Court's Jurisdiction

The Court retains jurisdiction to make such amendments, modifications, deletions, and additions to this Order as the Court may from time to time deem appropriate.

29.    Effective Date

Upon the entry of this Consent Protective Order by the Court, this Consent Protective Order shall be effective as against all party signatories hereto as of the date of such signature of that party or party's representative, thereby rendering this Order effective nunc pro tunc to the date of such party's signature.  The terms and conditions in this Consent Protective Order shall survive and remain in full force and effect after the termination of this action until canceled or otherwise modified by order of this Court, or by written agreement of the parties.  The Court shall retain jurisdiction to enforce the provisions of this Order.

US1DOCS 7152746v1

IT IS SO ORDERED, this ____ day of _____, 2009.

**SIGNED this 7th day of May, 2009.**


_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

21

CONSENTED TO:

_____

Nagendra Setty
Georgia Bar No. 636205
Christopher O. Green
Georgia Bar No. 037617
Rasheed McWilliams
Georgia Bar No. 429360
FISH & RICHARDSON P.C.
1180 Peachtree Street, N.E.,
21st Floor
Atlanta, Georgia 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002
nsetty@fr.com


James Aubrey (Tripp) Fussell, III
Texas Bar No. 2003193
FISH & RICHARDSON P.C.
1425 K Street, N.W., Suite 1100
Washington, D.C. 20005
Telephone: 202-783-5070
Facsimile: 202-783-2331
fussell@fr.com

**Counsel for Plaintiff
LG ELECTRONICS, INC.**

_____

Jennifer Haltom Doan
Texas Bar No. 08809050
J. Scott Andrews
Texas Bar No. 24064823
HALTOM & DOAN
Crown Executive Center, Suite 100
6500 Summerhill Road
Texarkana, Texas 75503
Telephone: 903-255-1000
Facsimile: 903-255-0800
jdoan@haltomdoan.com


G. Hopkins Guy
Matthew J. Hult
ORRICK, HERRINGTON &
SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401
matthult@orrick.com


Mark J. Shean
ORRICK, HERRINGTON &
SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, California 92614
Telephone: 949-567-6700
Facsimile: 949-567-6710
mshean@orrick.com

**Counsel for Defendant
VIZIO, INC.**

_____

Andrew B. Grossman
WilmerHale
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
213-443-5303 (t)
213-443-5400 (f)

_____

Brian K. Wunder
Texas Bar No. 22086700
OSHA LIANG, LLP
909 Fannin, Suite 3500
Houston, Texas 77010
Telephone: 713-228-8600

Andrew.grossman@wilmerhale.com
Andrew.grossman@pillsburylaw.com

**Counsel for Defendant
WESTINGHOUSE DIGITAL
ELECTRONICS, L.L.C.**

Facsimile: 713-228-8778

Of Counsel:
Jonathan P. Osha
Texas Bar No. 00788150
Richard S. Siluk
Texas Bar No. 18351300
Louis K. Bonham
Texas Bar No. 02597700
OSHA LIANG, LLP
909 Fannin, Suite 3500
Houston, Texas 77010
Telephone: 713-228-8600
Facsimile: 713-228-8778

E. Thomson (Win) Greiner
Texas Bar No. 24053242
LAPUS, GREINER, LAI &
CORSINI, LLC
5800 Ranchester, Suite 200
Houston, Texas 77036
Telephone: 713-988-5666
Facsimile: 713-988-8846

Darby V. Doan
Texas Bar No. 00793622
James N. Haltom
Texas Bar No. 08809000
HALTOM & DOAN
6500 Summerhill Road, Suite 100
P. O. Box 6227
Texarkana, Texas 75505
Telephone: 903-255-1000
Facsimile: 903-255-0800

**Counsel for Defendants
PROVIEW TECHNOLOGY, INC.,
PROVIEW INTERNATIONAL
HOLDINGS, LTD., and
PROVIEW TECHNOLOGY
(SHENZHEN) CO., LTD.**

US1DOCS 7152746v1

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| LG ELECTRONICS, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>PETTERS GROUP WORLDWIDE, L.L.C.;<br>POLAROID CORP.; WESTINGHOUSE<br>DIGITAL ELECTRONICS, L.L.C.; VIZIO,<br>INC.; PROVIEW TECHNOLOGY, INC.;<br>PROVIEW INTERNATIONAL HOLDINGS,<br>LTD.; and PROVIEW TECHNOLOGY<br>(SHENZHEN) CO., LTD.,<br><br>*Defendants*. | CIVIL ACTION NO. 5:08-cv-00163<br>(DF/CMC)<br><br>**JURY TRIAL DEMANDED** |

**CERTIFICATE OF CONSENT
TO BE BOUND BY PROTECTIVE ORDER**

The undersigned, having read and understood the Consent Protective Order entered in the above-captioned matter on _____, 2009, which governs the restricted use of documents and other information designated as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE" pursuant to the Consent Protective Order, hereby agrees to be bound by the terms thereof and consents to the jurisdiction and contempt power of the Court with respect to its enforcement.

If the undersigned is an expert or consultant retained by Westinghouse Digital Electronics, L.L.C. ("Westinghouse"), Vizio, Inc. ("Vizio"), or Proview Technology, Inc., Proview International Holdings, Ltd., and Proview Technology (Shenzen)Co., Ltd. (collectively "Proview") the undersigned hereby further certifies that he or she is not presently, and has no present plans to become, a competitor (or a consultant, expert, or employee of a competitor) of

24

LG Electronics, Inc. ("LG Electronics"). If the undersigned is an expert or consultant retained by LG Electronics, the undersigned hereby further certifies that he or she is not presently, and has no present plans to become, a competitor (or a consultant, expert, or employee of a competitor) of Westinghouse, Vizio, or Proview. A "competitor" means any entity that is known to the general public primarily as the issuer, licenser, manufacturer, developer, or retailer of any digital television products and systems and/or associated technologies.

Date: _____, 2009

Name:  _____

Address:  _____

_____

25