**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| LG ELECTRONICS, INC., <br><br>        *Plaintiff*, <br><br>   v. <br><br>PETTERS GROUP WORLDWIDE, L.L.C.; POLAROID CORP.; WESTINGHOUSE DIGITAL ELECTRONICS, L.L.C.; VIZIO, INC.; PROVIEW TECHNOLOGY, INC.; PROVIEW INTERNATIONAL HOLDINGS, LTD.; and PROVIEW TECHNOLOGY (SHENZHEN) CO., LTD., <br><br>        *Defendants*. | CIVIL ACTION NO. 5:08-cv-00163 |

**LG ELECTRONICS, INC.'S
<u>MOTION FOR LEAVE TO AMEND ITS COMPLAINT</u>**

## I.   Introduction

Through recent discovery, LG Electronics ("LGE") learned of additional acts of infringement by Vizio, Inc. ("Vizio"), which involve the same underlying technology, similar (and even one of the same) patents, and the same parties currently at issue in this case. Accordingly, LGE moves the Court for leave to amend its complaint to add two more counts of infringement against Vizio.  The two (2) additional counts of infringement arise under U.S. Patent Nos. 5,790,096 ("the '096 patent") and 5,459,522 ("the '522 patent").  LGE seeks this amendment as the result of LGE's ongoing investigation of Vizio's infringing activities because the extent of Vizio's infringement was not known earlier in the discovery process.  LGE's amended complaint is attached as Exhibit A.

Also pending before this Court is LGE's Motion for Entry of Amended Scheduling Order.  (Dkt. Entry 104).  The pending motion for extension proposes that all parties have an additional ninety (90) days to conduct discovery associated with the patents the present motion seeks to add, as well as the patents currently in this action.  Indeed, under the Court's original scheduling order, the parties were to amend all pleadings prior to July 24, 2009, a date that was picked because it was at least thirty days before the deadline for dispositive motions and more than a month before the beginning of claim construction briefing.  With LGE's proposed motion to extend, the present amendment is more than ninety (90) days prior to the deadline for dispositive motions and the beginning of claim construction briefing.

This amendment is necessary for LGE to pursue complete relief from Vizio and is appropriate under the liberal standards of Fed. R. Civ. P. 15.  Thus, the Court should grant LGE leave to amend its complaint to add counts of infringement under the '096 and '522 patent against defendant Vizio.

## II. Background

### A. Present Action

This case involves LGE's patent infringement claims against Vizio, Westinghouse Digital Electronics, L.L.P. ("Westinghouse"), Polaroid Corp. ("Polaroid"), and three Proview entities (Proview Technology, Inc., Proview International Holdings, Ltd., and Proview Technology (Shenzhen) Co., Ltd., collectively, "Proview"), but the only defendants actively litigating are Vizio and Westinghouse.[1]

LGE's case against Vizio and Westinghouse is still in early discovery. Neither Vizio nor Westinghouse has yet produced the documents required by P.R. 3-4 even though the deadline for such production, April 22, 2009, is long past. Vizio has not produced any source code to date and co-defendant Westinghouse has produced very limited source code, despite LGE's numerous requests for source code in writing and in conference. Proview has not produced a single document. No significant discovery or claim construction events have occurred, including claim construction briefing, inventor depositions, Rule 30(b)(6) depositions or expert depositions. Additionally, LGE filed a motion for an extension of the current schedule that is pending, requesting a ninety (90) day extension to all of the remaining events in the case schedule through trial.

By this motion, LGE seeks to assert the '096 patent—which is already asserted against Westinghouse and Polaroid/Proview—against Vizio as well. LGE also seeks to assert the '522

---

[1] The original complaint also named Petters Group Worldwide, L.L.C. ("Petters Group") because, at the time, Polaroid was a wholly-owned subsidiary of Petters Group. Since then, Petters Group has sold their rights under Polaroid. Currently, the claims directed against Polaroid and Petters Group are subject to a mandatory stay pending bankruptcy proceedings in other district courts. Proview, while technically a party, has not participated in any of the events outlined in the Patent Rules and has not responded to any correspondence.

patent against Vizio. While the '522 patent is new to this case, its technology—digital television technology—is similar to the technology of the five patents already being litigated.

**B.     Related Funai Litigation Before This Court**

Separately before this court, LGE has filed suit for patent infringement against Funai Electric Company, Ltd., Funai Corporation, Inc., and P&F USA, Inc. (collectively, "Funai"), which are a group of entities responsible for the manufacture and sale of Funai televisions. *See LG Electronics, Inc. v. Funai Electric Company, Ltd. et al,* Civil Action No. 5:09-cv-00114 (the "*Funai* case"). In the *Funai* case, LGE asserted both of the patents that are the subject of this motion, the '096 patent and the '522 patent. In addition, LGE asserted two other patents that are the subject of the current suit, U.S. Patent No. 5,537,612 and U.S. Patent No. 7,154,564. Also like the current suit, the *Funai* case is directed toward digital television technology. For example, in the current case, LGE identified Vizio digital television products VX20L, VX42L, and VP42 as exemplary accused products. In the *Funai* case*,* LGE identified the Funai digital television product Sylvania LC427SSX as an exemplary accused product. The VX20L, VX42L, VP42 and LC427SSX are all digital high definition televisions.

**C.     Related ITC Action Involving Patents Asserted Here And Subject to the Present Motion**

LGE also recently asserted the patents subject to this motion, the '096 and '522 patents, and two patents that are asserted in the current case, the '612 and '564 patents, in the International Trade Commission against Vizio. Once again, LGE is targeting the manufacture and sale of digital televisions infringing LGE's patents. Because it is a party in the International Trade Commission, Vizio is entitled to a mandatory stay of this action for those patents asserted in the ITC under 28 U.S.C. § 1659.

4

## III. Argument

### A. Legal Standards Under Rule 15(a)

Rule 15(a) provides that the court should grant a party's request to amend its pleadings "where justice so requires." Fed. R. Civ. P. 15(a) ("[A] party may amend its pleading only with . . . the court's leave. ***The court should freely give leave where justice so requires***.") (emphasis added); *see also Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242 (5th Cir. 1997) (holding that Rule 15(a) creates a "strong presumption" in favor of permitting amendment). The Fifth Circuit recognizes that there is a "strong bias in favor of granting leave to amend." *Hernandez v. Ikon Office Solutions, Inc.,* 306 Fed.Appx. 180, 182 (5th Cir. 2009) ("The Supreme Court's direction, given in a case in which it permitted an amendment that changed the theory of the case from enforcement of an oral contract to *quantum meruit*, is that leave to amend shall be freely given when justice so requires.")[2]

In determining whether to grant leave to amend, a court may consider factors such as undue delay, bad faith, or a dilatory motive, any undue prejudice the nonmoving party will suffer, and the futility of the amendment. *Ellis v. Liberty Life Assur. Co. of Boston,* 394 F.3d 262, 268 (5th Cir. 2004). An "outright refusal to grant the leave [to amend] without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of discretion and inconsistent with the spirit of the Federal Rules." *Tex. Instruments, Inc. v. Hyundai Elecs. Indus., Co. Ltd.,* 191 F.R.D. 119, 122 (E.D. Tex. 1999) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *Farias v. Bexar County Bd. of Trustees,* 925 F.2d 866, 874 (5th Cir.

---

[2] To the extent an amended complaint at this stage would necessitate changes to the scheduling order, LGE's already-filed motion to amend the scheduling order sets forth the good cause for such modification. *See Mass Engineered Design, Inc. v. Ergotron, Inc.*, 2008 WL 1930299, *1 (E.D.Tex. 2008) (finding that where the moving party has already shown good cause to amend the scheduling order, Rule 15(a) is the appropriate standard for evaluating a request to amend a pleading).

5

1991) ("Unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial").

To the extent Vizio (or Westinghouse) continue to claim that LGE's motion to amend is untimely in the current schedule, LGE has currently moved to extend the deadlines in the case by ninety (90) days and is willing to consider further extension should more than ninety days be necessary.

### B. The Court Should Grant LGE Leave To Amend Its Complaint

#### 1) LGE Did Not Unduly Delay Filing It's Motion, Nor Is LGE's Motion Untimely

LGE did not unduly delay the filing of this motion to amend, nor is it motivated by bad faith or an attempt to delay. The extent of Vizio's infringement as to the '096 and '522 patents only became apparent as the case progressed through discovery. LGE, through continued investigation and analysis of particular Vizio television models, identified specific components relating to the manner in which these models are powered "on" and "off" (for purposes of the '096 patent), as well as the function of components that provide on-screen program guide information (for purposes of the '522 patent). This information and subsequent analysis supports a good faith claim of infringement of both the '096 and the '522 patents against Vizio and provides good cause for allowing leave to amend. *See, e.g., Tillotson Corp. v. Shijiazhaung Hongray Plastic Prods., Ltd.,* 244 F.R.D. 683 (N.D. Ga. 2007) (allowing amended complaint to add claims of infringement identified after additional investigation, because even though the "investigations . . . have arguably been slow to take place, [the patent owner's] actions have not been dilatory nor have they amounted to undue delay."); *see also Sweetheart Plastics, Inc. v. Detroit Forming, Inc.,* 743 F.2d 1039, 1044 (4th Cir. 1984) ("Detroit's assertion that Sweetheart should have included a count for trademark infringement in its complaint as originally filed is

without merit . . . Sweetheart's counsel could not in good faith have included in his complaint a count for trademark infringement before he was aware of evidence to support such a claim. Such conduct would have violated both the letter and the spirit of Rule 11.")

Further, LGE's motion to amend comes in the middle of discovery, before any of the parties engaged in more substantive discovery, claim construction and pretrial events, *i.e.,* depositions, claim construction briefing, summary judgment motions, etc. As such, LGE's motion is neither untimely nor unduly delayed, and its timing when compared to the current posture of this case, presents no substantial reason for denial of amendment. *See Mylan Pharms., Inc. v. Kremers Urban Dev.,* No. Civ.A.02-1628, 2003 WL 22711586 (D. Del. Nov. 14, 2003) (allowing an amended complaint that identified four new claims from three new patents, even though there were only two months left in discovery). Moreover, timeliness is not a substantial reason to deny leave to amend. *See Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262 (5th Cir. 2004) (finding that the nonmoving party's opposition to a motion to amend failed where its strongest argument concerned "potential prejudice that it may have suffered as a result [of moving party's] filing of her amendment so late in the proceedings in district court"); *Tex. Instruments, Inc. v. Hyundai Elecs. Indus., Co.* Ltd, 191 F.R.D. 119, 123 (E.D.Tex. 1999) (allowing a defendant to add a new defense to patent infringement suit even though the amended pleading was requested only six days before trial).

### 2) Vizio Will Not Suffer Prejudice From An Amendment

Vizio will suffer no prejudice from LGE's proposed amendment to include these two patents targeting digital television, one of which is already asserted in this litigation. Additionally, LGE will not exceed the ten (10) claim limit the Court imposed on this case. LGE already selected claim 24 from the '096 patent as one its ten claims, and it is currently asserted against defendants Westinghouse and Proview. If the court grants LGE leave to amend, LGE

7

will assert only claim 24 from the '096 patent, and further will withdraw additional claims from the ten currently asserted claims to make room for any claims from the '522 patent.

The case is still in the earlier stages of discovery. By way of example, Vizio has only produced 702 documents relating to its sale of more than 78 accused products (an average of less than ten documents per product).[3] Likewise, Vizio's counsel has only recently agreed to produce documents on behalf AmTran Technologies, an entity that holds an ownership stake in the privately-held Vizio, and manufactures and imports Vizio-branded televisions for resale by Vizio. To date, LGE has only received 23 documents from AmTran Technologies, including no source code or other technical documentation.

The parties have not engaged in any claim construction briefing, inventor depositions, Rule 30(b)(6) depositions or expert depositions, to the extent LGE's proposed amendment raises any new issues for Vizio to address, Vizio has ample time to respond and will not have to duplicate any of the events, such as depositions and claim construction proceedings that have yet to occur. *See Tex. Instruments, Inc. v. Hyundai Elecs. Indus., Co. Ltd,* 191 F.R.D. 119, 123 (E.D.Tex. 1999). Focusing on expert discovery and claim construction issues in particular, Vizio has disclosed and announced an intention to rely on the testimony of an expert, Dr. Cliff Reader, to support its proposed constructions. Dr. Reader has apparently already formed opinions as to and is prepared to testify on claim construction issues concerning the '096 patent, given that co-defendant Westinghouse provided its intention to rely on Dr. Reader for this exact purpose.

Nor would any shift in the claim construction proceedings or trial date cause Vizio any prejudice. LGE has already proposed to Vizio (and the other defendants) a schedule modification that would stay the case by a period of ninety days. (*See* Dkt. No. 104.) This

---

[3] Additionally, co-defendant Westinghouse has produced 1,831 documents and Proview have produced zero (0) documents concerning the accused products.

proposed modification is consistent with the more pro-longed schedule Vizio and its co-defendants originally proposed, as evidenced by their prior statements to the Court:

> [LGE] seeks to end discovery much earlier than is required by the relevant rules. Another difference is that [LGE's] proposed order also unnecessarily advances the deadlines for expert-related activities. [LGE] has provided no explanation for the acceleration of the discovery cutoff . . . [LGE] has picked an unrealistic date for issuance of a *Markman* ruling and an arbitrary date for trial, and then stated the dependent deadlines in its proposed schedule.

(*See* Dkt. No. 55, at 7.) In fact, the defendants **did not even offer a trial date** in the Joint Case Management Statement and instead proposed deadlines that were contingent upon a *Markman* ruling. (*See id.*) The same defendants can hardly argue now that the proposed ninety day delay would cause the defendants any prejudice.

In the event Vizio takes an opposite tack, and argues that additional time beyond LGE's existing request for a 90 day extension is necessary to accommodate LGE's proposed amendment, LGE would be amenable to still further extension of the current case schedule.

### 3) Infringement Claims Under The '096 And '522 Patents Are Closely Related

This court should also grant LGE's motion to amend because of the significant overlap in facts between the existing claims and the new claims for infringement LGE seeks to introduce. In patent cases, courts have held that it is beneficial to the court to grant leave to amend where the technologies and patents of the original complaint are closely related to the technologies and patents identified in the amended complaint:

> Moreover, granting leave to amend will benefit the court. Where the additional patents are closely related to the already asserted patents and the patents involve similar technology, it is clearly in the interest of judicial economy to dispose of all of the claims between the parties in one proceeding. Since the accused products are the same, the technology is the same, and the parties remain the same, the facts and the issues will substantially overlap. Granting the motion to amend will therefore enable the court to address all of these related issues simultaneously. Conversely, if the motion to amend were denied, [the patent owner] could institute a second action against [the accused infringer] for infringement of the

      additional patents. The court, therefore, finds that judicial economy weighs in favor of granting the motion to amend.

*Trueposition, Inc. v. Allen Telecom, Inc.,* No. Civ.A.01-823, 2002 WL 1558531, at *3 (D. Del., Jul. 16, 2002) (internal citation omitted).  As discussed throughout this motion, the technology accused of infringing the '096 and '522 patents in the amended complaint is closely related to the technology of the currently accused instrumentalities (digital televisions), the '522 patent is similar to other patents currently asserted, the '096 patent is ***already asserted***, and Vizio is already a party.

      Thus, in the interests of judicial economy and efficiency, and because LGE has not acted in bad faith, nor will Vizio suffer any prejudice, the Court should grant LGE's motion to amend its complaint to assert the '096 and the '522 patents against Vizio.

## IV.  Conclusion

      For the foregoing reasons, the Court should grant LGE's motion to amend its complaint.

Respectfully submitted, this 2nd day of September, 2009.

        */s/ Rasheed McWilliams*
Nagendra Setty
Georgia Bar No. 636205
Christopher O. Green
Georgia Bar No. 037617
Rasheed McWilliams
Georgia Bar No. 429360
**FISH & RICHARDSON P.C.**
1180 Peachtree St., N.E., 21st Floor
Atlanta, Georgia 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002
nsetty@fr.com

James Aubrey (Tripp) Fussell, III
Texas Bar No. 2003193
**FISH & RICHARDSON P.C.**
1425 K Street, N.W., Suite 1100
Washington, D.C. 20005
Telephone: 202-783-5070
Facsimile: 202-783-2331
fussell@fr.com

**COUNSEL FOR PLAINTIFF
LG ELECTRONICS, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2009 a true and correct copy of the foregoing document was served by electronic mail via the Eastern District of Texas ECF System to all counsel of record.

*/s/ Rasheed McWilliams*
Rasheed McWilliams

**CERTIFICATE OF CONFERENCE**

I certify that on September 1, 2009, counsel for LGE, Christopher O. Green and Ajit Dang, and counsel for Defendants, Matthew Hult, Todd Tucker and Bob Weber, met and conferred pursuant to the requirements set forth in Local Rule CV-7(h), and the parties are at an impasse on the issues raised by this motion.  The parties are not in agreement about allowing LGE to file an amended complaint, even though discovery is ongoing.  Accordingly, this motion is opposed.

*/s/ Rasheed M. McWilliams*
Rasheed M. McWilliams

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| LG ELECTRONICS, INC., <br><br>         *Plaintiff*, <br><br>   v. <br><br> PETTERS GROUP WORLDWIDE, L.L.C.; POLAROID CORP.; WESTINGHOUSE DIGITAL ELECTRONICS, L.L.C.; VIZIO, INC.; PROVIEW TECHNOLOGY, INC.; PROVIEW INTERNATIONAL HOLDINGS, LTD.; and PROVIEW TECHNOLOGY (SHENZHEN) CO., LTD., <br><br>         *Defendants*. | CIVIL ACTION NO. 5:08-cv-00163 |

**ORDER**

Before the Court is Plaintiff LG Electronics, Inc.'s Motion To Amend Its Complaint. The Court, having considered the motion and good cause shown, finds that the MOTION TO AMEND ITS COMPLAINT is GRANTED. It is hereby ORDERED that Plaintiff LG Electronics, Inc. file its Second Amended Complaint within ten days.